100                      June 4, 2025                      No. 496

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ISMAEL PINEDA MARIN,
aka Ismael Of Pineda Marin,
*Defendant-Appellant.*

Morrow County Circuit Court
22CR09691; A181539

Jon S. Lieuallen, Judge.

Submitted April 3, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Peter G. Klym, Deputy Public Defender.

Ellen Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, Leigh Salmon, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), and three counts of recklessly endangering another person. Defendant was also acquitted of two counts of reckless endangerment and one count of reckless driving. On appeal, defendant raises a single, unpreserved, assignment of error. Based on *State v. Chitwood*, 370 Or 305, 518 P3d 903 (2022), and its progeny, he assigns error to the trial court allowing the prosecutor to make certain remarks during closing argument. Defendant argues that those remarks were improper and egregious enough that they could not have been corrected by anything short of a mistrial. He argues that he was, therefore, deprived of a fair trial, and that, consequently, the remarks constitute reversible plain error. The state argues that, even assuming that the statements were improper, they did not constitute plain error. *See Chitwood*, 370 Or at 311. We agree with the state and affirm.

The framework announced in *Chitwood* requires us to determine whether the challenged prosecutor's remarks were improper, and if so, whether the "prosecutor's improper jury argument [was] so prejudicial that no curative instruction would have been sufficient to ensure a fair trial." *State v. Perez*, 373 Or 591, 600, ___ P3d ___ (2025) (citing *Chitwood*, 370 Or at 312).

We have reviewed the record in this case, including the officer's dashcam video. At trial, there was evidence that defendant was driving a truck with his three children in the backseat. A Boardman police officer testified at trial that he was driving his patrol car in the opposite direction with his adult daughter riding along in the front seat. He first noticed that defendant was driving "extremely slow for the posted limit and *** traffic conditions at the time." The officer testified that he saw defendant's truck drive on and cross the centerline as it was passing the officer's patrol car. He testified that defendant had nearly caused a head-on collision. The officer turned his patrol car around and stopped defendant. Defendant was visibly impaired, seemed confused at times, and the inside of the truck's cab smelled strongly of alcohol. Defendant denied drinking any alcohol.

In the backseat area of defendant's truck, there was packaging for a 9-pack of 16-ounce beer bottles, in which the officer found 5 cold bottles.

In defendant's opening statement, defense counsel argued that defendant had been sleepy rather than under the influence of alcohol. He told the jury that defendant had only two hours' sleep the night before he was arrested. Defense counsel suggested to the jury that the officer's version of events "is very dramatic" compared with what actually happened, and he told the jury that they would see the video of the alleged near-collision. Defense counsel also noted that "English is not [defendant's] primary language, by any means." He argued that defendant appeared confused, particularly with the officer, because the officer did not speak any Spanish with defendant.

During rebuttal closing argument, the prosecutor argued:

> "[T]his is abhorrent. * * * Incredibly reckless, abhorrent behavior.
>
> "I would ask you to hold him accountable for what he's doing in our community. To find him guilty of DUI and all six of the additional charges."

Defendant assigns error to the court's failure to *sua sponte* intervene based on those remarks. He argues that the remarks were improper, and that they plainly required the court to take action to allow defendant to have a fair trial. Defendant contends that the remarks appealed to the jury's emotions rather than to the evidence presented during trial and that they urged the jury to think of community safety rather than to focus on whether or not the state had proved its case.

Assuming the prosecutor's statements plainly crossed the line into improper argument, any prejudice caused by the remarks could have been adequately addressed with a curative instruction; defendant was not deprived of a fair trial.

That is, the prosecutor's remarks were not so prejudicial as to have required a mistrial. They appealed to the

jury's emotions and sense of safety, but they were relatively brief and not particularly evocative. There is no reason to think that a curative instruction would not have been sufficient to protect defendant's right to a fair trial. Indeed, in the particular circumstances of this case, there is little reason to think that the remarks did any harm at all. The remarks encouraged the jury to judge defendant harshly for his "abhorrent behavior" and to act to protect the community. But ultimately the jury acquitted defendant on the charges to which those remarks were most relevant; he was convicted of DUII and endangering his own children who were riding in the truck with him, but acquitted of reckless driving and of recklessly endangering the officer and his daughter. The jury rejected the state's narrative that defendant posed a danger to the public in general, and even to the officer and his daughter in particular. The prosecutor's remarks did not deprive defendant of his right to a fair trial.

Affirmed.